Edward S. Coleman, Esq., NSB 000601     E-FILED 10/13/2009
Elizabeth DeFlyer, Esq. NSB 10021
COLEMAN LAW ASSOCIATES, APLC
9708 S. Gilespie Street, Suite A-106
Las Vegas, NV 89183-7614
Telephone: (702) 699-9000
Facsimile: (702) 699-9006
E-Mail: mail@coleman4law.com
*Attorneys for Debtors,*
*James R. Thomas and Danielle Thomas*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| In re: | Case No. 09-17390-bam |
|---|---|
| JAMES R. THOMAS | Chapter 11 |
| and | Hearing Date: November 16, 2009 |
| DANIELLE THOMAS, | Hearing Time: 9:00 A.M. |
| Debtors. | Courtroom: 3 |

**MOTION TO VALUE COLLATERAL, "STRIP OFF" AND MODIFY RIGHTS OF SPECIALIZED LOAN SERVICING PURSUANT TO 11 U.S.C. §506(a) AND §1123**

    TO:    THE HONORABLE BANKRUPTCY JUDGE BRUCE A. MARKELL

    JAMES R. THOMAS and DANIELLE THOMAS (hereinafter referred to as "Debtors"), by and through their attorneys, COLEMAN LAW ASSOCIATES, A PROFESSIONAL LAW CORPORATION, move this Court pursuant to 11 U.S.C. §506(a) AND §1123, and Bankruptcy Rules 3012 and 9014 and state:

### STATEMENT OF FACTS

    1.    Debtors filed a Voluntary Petition under Chapter 11 of the United States Code, Case Number 09- 17390-lbr on May 8, 2009.

    2.    On the petition date, Debtors owned real property located at 9721 Falling Star

Page 1

Avenue, Las Vegas, NV 89117, as their primary residence (hereinafter referred to as **"Subject Property"**).

3. The estimated value of the Subject Property was $256,212.00 at the time the instant petition was filed.

4. The current value of the Subject Property is $251,955.00 (See Property Valuation, attached hereto as **Exhibit "A"** and incorporated for reference).

5. At the time of filing the instant petition, the Subject Property was subject to the following liens:

   A. AMERICA'S SERVICING COMPANY, Account No. **xxxxxx0298**, (First Mortgage and/or First Deed of Trust): FOUR HUNDRED FIFTY-ONE THOUSAND, NINE HUNDRED FORTY-TWO DOLLARS AND SEVENTY-FIVE CENTS ($ 451,942.75). (See Proof of Claim No.10, attached hereto as **Exhibit "B"** and incorporated for reference).

   B. SPECIALIZED LOAN SERVICING, Account No. **xxxxxx0169,** (Second Mortgage and/or Second Deed of Trust): ONE HUNDRED TEN THOUSAND, FOUR HUNDRED FIFTY-EIGHT DOLLARS AND ZERO CENTS. ($110,458.00).

6. Therefore, on the date the instant bankruptcy was filed, no equity existed in the Subject Property above the claims of AMERICA'S SERVICING COMPANY.

7. SPECIALIZED LOAN SERVICING's claim was wholly unsecured on the date of filing the instant petition and if the Subject Property was sold at auction, SPECIALIZED LOAN SERVICING would receive nothing.

## LEGAL ARGUMENT

8. 11 U.S.C. §506(a) provides that a creditor's claim is only *secured* to the extent of the property value: "a lien on property ... is a secured claim to the extent of the value of such

Page 2

creditor's interest ... and is an unsecured claim to the extent that the value of such creditor's interest is less than the amount of such allowed claim."

9. In *In re Zimmer*, 313 F.3d 1220 (9th Cir.2002), the Court stated that a wholly unsecured lien holder's claim can be modified and reclassified as a general unsecured claim pursuant to 11 U.S.C. §506(a). Specifically, the Court held:

> Section 506(a) divides creditors' claims into "secured .... claims" and "unsecured claims." Although the conventional interpretation of "secured" might include any claim in which the creditor has a security interest in the Debtor's property, §506(a) makes clear that the status of a claim depends on the valuation of the property. An allowed claim of a creditor secured by a lien on property in which the estate has an interest ... is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property ... and is an unsecured claim to the extent that the value of such creditor's interest ... is less than the amount of such allowed claim.
>
> To put it more simply, a claim such as a mortgage is not a "secured claim" to the extent that it exceeds the value of the property that secures it. Under the Bankruptcy Code, "secured claim" is thus a term of art; not every claim that is secured by a lien on a property will be considered a "secured claim". Here, it is plain that PSB Lending's claim for the repayment of its loan is an unsecured claim, because its deed of trust is junior to the first deed of trust, and the value of the loan secured by the first deed of trust is greater than the value of the house.

10. Accordingly, since SPECIALIZED LOAN SERVICING's claim is wholly unsecured (in that there is no extant equity above the first mortgage in the Subject Property), the Court should reclassify SPECIALIZED LOAN SERVICING's claim to a general unsecured claim to receive payments pro rata with like unsecured creditors. SPECIALIZED LOAN SERVICING should also be stripped of its secured rights under 11 U.S.C. §506(a) since no maintainable security interest in the Subject Property exists.

11. Further, the Debtor is not required to file an adversary proceeding to achieve the requested relief herein. Debtor may bring a motion to "strip off" SPECIALIZED LOAN

Page 3

COLEMAN LAW ASSOCIATES, A PROFESSIONAL LAW CORPORATION
9708 South Gilespie Street, Suite A-106
Las Vegas, NV 89183
Telephone (702) 699-9000   Facsimile (702) 699-9006

1  SERVICING's consensual lien by motion. See *In re Williams,* 166 B.R.615 (Bankr.E.D.Va.1994),

2  *In re Fuller*, 255 B.R. 300 (Bankr.W.D.Mich.2000), *In re Hoskins*, 262 B.R. 693

3  (Bankr.E.D.Mich.2001), *In re King,* 290 B.R. 641 (Bankr.C.D.Ill.2003), *In re Millspaugh,* 302 B.R.

4  90 (Bankr.D.Idaho 2003), *Dickey v. Ben. Fin. (In re Dickey)* 293 B.R. 360 (Bankr.M.D.Pa.2003),

5  *In re Hill,* 304 B.R. 800 (Bankr.S.D. Ohio 2003); *In re Sadala* 294 B.R. 180 (Bankr.M.D.Fla.2003),

6  *In re Fisher,* 289 B.R. 544 (Bankr.W.D.N.Y.2003), *In re Robert,* 313 B.R. 545

7  (Bankr.N.D.N.Y.2004), *In re Bennett,* 312 B.R. 843 (Bankr.W.D.Ky.2004). Instead, Debtor may

8  bring the instant motion.

9      **WHEREFORE**, Debtor prays that this Court:

10      1. Find that SPECIALIZED LOAN SERVICING is not a holder of a lien on the Subject

11  Property.

12      2. Immediately avoid, "strip off", cancel and extinguish SPECIALIZED LOAN

13  SERVICING's wholly unsecured claim/lien from the Subject Property pursuant to 11 U.S.C. Section

14  506(a).

15      3. Reclassify SPECIALIZED LOAN SERVICING's claim as a general unsecured

16  claim, subject to allowance if disputed, to be paid pro rata with other general unsecured creditors

17  through the Debtor's Chapter 11 Plan; and

18      4. Such other relief as the Court finds appropriate.

19

20  DATED this 13th day of October, 2009.

                                                   COLEMAN LAW ASSOCIATES, APLC

21

22                                              By:  /s/ Elizabeth DeFlyer, Esq.
                                                     ELIZABETH DEFLYER, ESQ.

23                                                       Nevada Bar No. 10021
                                                     9708 S. Gilespie Street, Suite A-106

24                                                       Las Vegas, NV 89183
                                                     Attorneys for Debtor

25

                                                     Page 4

26

27

28

## LIST OF EXHIBITS

**EXHIBIT A:**

**PROPERTY VALUATION**
9721 Falling Star Avenue
Las Vegas, NV 89117

**EXHIBIT B:**

**PROOF OF CLAIM No.10**
U.S. Bankruptcy Court Claim #10 - filed by Creditor, AMERICA'S SERVICING COMPANY

COLEMAN LAW ASSOCIATES, A PROFESSIONAL LAW CORPORATION
9708 South Gilespie Street, Suite A-106
Las Vegas, NV 89183
Telephone (702) 699-9000   Facsimile (702) 699-9006