1

2

3

**Entered on Docket**
**July 28, 2010**

*Bruce A. Markell*

4

**Hon. Bruce A. Markell**
**United States Bankruptcy Judge**

5

6

7

8

## UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEVADA

9

| | |
|---|---|
| In re: | Case No. 09-17390-bam |
| JAMES R. THOMAS | Chapter 11 |
| and | Hearing Date: July 20, 2010 |
| | Hearing Time:  9:00 A. M. |
| DANIELLE THOMAS          Debtors. | Courtroom: 3 |

10

11

12

13

14

15

16

## <u>ORDER CONFIRMING CHAPTER 11 PLAN # 6</u>

17

18          The plan under Chapter 11 of the Bankruptcy Code filed by JAMES R. AND DANIELLE

19   THOMAS, by and through their attorneys, COLEMAN LAW ASSOCIATES, on June 14, 2010

20   having been transmitted to creditors and equity security holders; and

21          It having been determined after hearing on notice that the requirements for confirmation  set

22   forth in 11 U.S.C. § 1129(a) have been satisfied; it is hereby:

23

24          **ORDERED** that the Chapter 11 Plan #6 filed by JAMES R. AND DANIELLE THOMAS,

25   by and through their attorneys, COLEMAN LAW ASSOCIATES on June 14, 2010, is confirmed.

26

27

28                                      Page 1

1    A copy of the confirmed plan is attached.

2

3    Dated: July 22, 2010.

4

5    **COLEMAN LAW ASSOCIATES**
     **A PROFESSIONAL LAW CORPORATION**

6

7    By: /s/ Elizabeth DeFlyer
     ELIZABETH DEFLYER, ESQ.

8     for COLEMAN LAW ASSOCIATES, APLC

9    Nevada Bar No.010021
     6615 South Eastern Avenue, Ste. 108

10   Las Vegas, NV 89119
     *Attorney for Debtor*s

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Page 2

1

2

3      **SUBMISSION TO COUNSEL FOR APPROVAL PURSUANT TO LR 9021**

4              In accordance with Local Rule 9021, counsel submitting this document certifies as follows

5      (check one):

6              ____ The court has waived the requirement of approval under  LR 9021.

7
        ____  This is a chapter 7 or 13 case, and either with the motion, or at the hearing, I have
8
9      delivered a copy of this proposed order to all counsel who appeared at the hearing, and each has

10     approved or disapproved the order, or failed to respond, as indicated below:

11            __X__  This is a chapter 9, 11, or 15 case, and I have delivered a copy of this proposed order

12     to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing,
13
       and any trustee appointed in this case, and each has approved or disapproved the order, or failed to
14
15     respond, as indicated below (list each party and whether the party has approved, disapproved, or

16     failed to respond to the document):

17

18

19            APPROVED:

20

21            DISAPPROVED:

22

23            FAILED TO RESPOND:  Greg Wilde, Esq.

24

25

26                                             ###

27
                                             Page 3
28

COLEMAN LAW ASSOCIATES, A PROFESSIONAL LAW CORPORATION
6615 South Eastern Avenue Ste 108
Las Vegas, NV 89119
Telephone (702) 699-9000   Facsimile (702) 699-9006

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | | |
|---|---|---|
| In re | ) | CASE No: BK-S 09-17390 BAM |
| | ) | |
| JAMES THOMAS, and | ) | CHAPTER 11 |
| DANIELLE THOMAS, | ) | |
| Debtors in Possession | ) | IN CHAPTER 11 PROCEEDINGS |
| | ) | |

## SIXTH AMENDED
## CHAPTER 11 PLAN OF

## REORGANIZATION

### *of*

## JAMES THOMAS
## AND
## DANIELLE THOMAS

Submitted by:

COLEMAN LAW ASSOCIATES, APLC
Attorney for JAMES AND DANIELLE THOMAS
6615 South Eastern Avenue Ste. 108
Las Vegas, NV 89119
phone (702)699-9000
fax (702) 699-9006

## TABLE OF CONTENTS

ARTICLE I          DEFINITIONS...................................................................  pages 3-8

ARTICLE II         SUMMARY......................................................................  pages 8-9

ARTICLE III        CLASSIFICATIONS OF CLAIMS..................................  pages 9-14

ARTICLE IV         TRANSFER OF CLAIMS...........................................  page 14

ARTICLE V          MEANS FOR EXECUTION OF THE PLAN....................  page 14

ARTICLE VI         MODIFICATION OF THE PLAN.....................................  pages 15-16

ARTICLE VII        RETENTION OF JURISDICTION...................................  pages 17-18

ARTICLE VIII       MISCELLANEOUS PROVISIONS..................................  page 18

ARTICLE IX         ALLOWANCE OF ADMINISTRATIVE CLAIMS..........  page 18

ARTICLE X          RIGHTS OF PRIORITY CLAIMANTS............................  pages 18-19

ARTICLE XI         RIGHTS OF SECURED CLAIMANTS............................  pages 18-19

ARTICLE XII        RIGHTS OF UNSECURED CLAIMANTS......................  page 19

ARTICLE XIII       EXECUTORY CONTRACTS.........................................  page 20

ARTICLE XIV        MISCELLANEOUS PROVISIONS..................................  page 20

ARTICLE XV         CRAM DOWN....................................................................  page 20

ARTICLE XVI        PAYMENT OF SECTION 1930 FEES..............................  page 20

ARTICLE XVII       REVOCATION OF PLAN..................................................  page 20

ARTICLE XVIII      DISCHARGE.......................................................................page 20

ARTICLE XIX        INCORPORATION OF DISCLOSURE STATEMENT.. ....pages 20-21

## DEBTORS' PLAN OF REORGANIZATION

JAMES and DANIELLE THOMAS, the Debtors-in-Possession (hereinafter "Debtors") in this Chapter 11 bankruptcy, hereby propose the following Plan of Reorganization, by and through their attorney of record, COLEMAN LAW ASSOCIATES, APLC, requesting acceptance of the Plan by their creditors, and confirmation of the Plan by the court.

## ARTICLE 1
## DEFINITIONS

The following terms, when used in this Plan of Reorganization, shall have the following respective meanings:

### 1.01 "Administrative Claim"

This term shall refer to every claim to an expense of administration of the reorganization case including the actual and necessary expenses of preserving and making a disposition of the assets of the Debtor, any actual and necessary expenses of operating the business, and all allowances, including professional fees, costs, and U.S. Trustee's fees, and other claims approved by the Court in accordance with the provisions of the United States Bankruptcy Code.

### 1.02 "Administrative Claimant"

This term shall mean any Person, including a Professional, entitled to payment on account of an Administrative Claim.

### 1.03 "Allowed Amount"

This term shall refer to every claim: (A)(i) as for which a Proof of Claim has been filed with the Court in the time fixed by the Court or, if such claim arises from the Debtor's rejection of an executory contract, if any, from thirty (30) days after the Effective Date of the Plan, or (ii) which Debtors have listed or scheduled, as of the effective date of the Plan, as liquidated in an amount undisputed; and in either event: (B) (i) as to which no objection to the allowance of such

claim, or requests for subordination thereof which (if granted) will effect the distribution to the creditor asserting the claim, has been filed within any applicable time period fixed by the Court, or (ii) as to which the Order allowing such claim and establishing (if applicable) its priority has become final and non-appealable.

     **1.04 "Bankruptcy Code:"**

_____ This term shall refer to Title 11 of the United State Code, as now existing and hereafter amended.

     **1.05 "Business Day"**

This term shall mean any day other than Saturday, Sunday, a legal holiday or a day on which national banking institutions in Nevada are authorized or obligated by law or executive order to close.

     **1.06 "Claim"**

This term shall refer to a right of payment from the Debtor's Estate, which is evidenced by a timely filed Proof of Claim which is allowed by the Court, or is a Proof of Claim is not filed by the Creditor, a right which otherwise appears in the Debtors' bankruptcy schedules and (i) is not listed as disputed, contingent, or unliquidated, (ii) has not been resolved by Final Order of the Court in this reorganization case, or (iii) which has been otherwise satisfied.

     **1.07 "Class"**

This term shall mean any class into which Claims are classified.

     **1.08 "Confirmation"**

This term shall mean the entry by the Bankruptcy Court of an order confirming the plan in accordance with Chapter 11 provisions of the Bankruptcy Code.

     **1.09 "Confirmation Date"**

This term shall refer to the date set by the Court pursuant to §1128 of the Bankruptcy Code and Bankruptcy Rule 3020(b) to consider confirmation of the Plan.

     **1.10 "Confirmation Order"**

This term shall refer to an order entered by the Court confirming the Plan and any all supplemental Orders confirming amendments to the Plan in accordance with the provisions of Chapter 11 of the Bankruptcy Code.

**1.11 "Court"**

This term shall refer to the United States Bankruptcy Court for the District of Nevada, including the Bankruptcy Judge presiding in the Chapter 11 case of the Debtors.

**1.12 "Creditor"**

This term shall refer to all creditors of the Debtors holding claims for debt, liabilities, demands or claims of any character whatsoever, whether or not such claim is an "allowed claim," encompassed within the statutory definition set forth in Section 101(10) of the Bankruptcy Code.

**1.13 "Creditors Committee"**

This term shall refer to the Creditors Committee appointed by order of the Court, the members thereof and successor members. No creditors committee was appointed in this proceeding.

**1.14 "Debtors"**

This term shall refer to JAMES and DANIELLE THOMAS, individuals, who are the Debtors of record in the instant case.

**1.15 "Debtors' Assets"**

This term shall mean all right, title and interest in and to all property of every kind of nature, whether known or unknown, owned by Debtors or the Estate, including, but not limited to, and cash, real property interests, tax refunds, equipment, furniture, or other tangible property, accounts receivable, work in process, contract rights, insurance policies, intangible property, books and records, and whether known or unknown, causes of action, including, but not limited to, (i) all claims and rights against insiders and affiliates of Debtors and third parties and (ii) all claims and rights arising under or related to the Bankruptcy Code, including but not limited to, §§ 362, 505, 506, 510, 541, 542, 543, 544, 545, 547, 548, 549, 550, 551, 552, and 553 of the Bankruptcy Code.

**1.16 "Disbursing Agent"**

This term shall refer to the party who is responsible for disbursing funds for payment according to the terms of a confirmed plan.

**1.17 "Discharge"**

This term shall refer to the result of the completion of the Plan. Completion of Plan

payments will discharge Debtors as provided in §1141(d)(5) of the Bankruptcy Code.

**1.18 "Disputed Claim"**

This term refers to a claim against the Debtor (a) that is listed in the Debtors' schedules as disputed, contingent, or unliquidated; (b) that is listed in the Debtor's schedules as undisputed, liquidated, and not contingent as to which a proof of claim has been filed with the Court, to the extent the proof of claim amount exceeds the scheduled amount; (c) that is not listed on the Debtor's schedules but as to which a proof of claim has been filed with the Bankruptcy Court; or (d) as to which an objection has been or may be timely filed and has not been denied by Final Order. To the extent an objection is related to the allowance of only part of a claim, such claim shall be a Disputed Claim only to the extent of the objection.

**1.19 "Distribution Date"**

This term refers to the date designated by the Plan on which distribution of Dividends to Allowed Unsecured Claims.

**1.20 "Dividend"**

This term refers to a payment in cash in the amount provided by the Plan for a designated class of claimants.

**1.21 "Effective Date"**

This term refers to the thirtieth (30th) day following the date of the order confirming the plan, if no notice of appeal is timely filed, or if a notice of appeal is filed, during which time no motion for stay pending appeal is granted or superceding bond is approved and filed, then it shall be the date on which the order confirming plan is a final order.

**1.22 "Final Decree"**

This term refers to the order of the Court entered after all payments and distributions of monies called for under the Plan have been made (i) discharging the Trustee and canceling his bond, (ii) making provision by way of injunction or otherwise as may be equitable, and (iii) closing the reorganization case.

**1.23 "Final Order"**

This term refers to an order of the Court which, not having been reversed, modified or amended and not being stayed, and the time to appeal from which or to seek review or rehearing

of which having expired, has become conclusive of all matters adjudicated thereby and is in full force and effect.

**1.24 "Insider"**

This term shall refer to (i) a relative of the Debtor or of a general partner of the Debtor; (ii) a partnership in which the Debtor is a general partner; (iii) a general partner of the Debtor; or (iv) a corporation of which the Debtor is a director, officer, or person in control.

**1.25 "Lien"**

This term shall refer to a mortgage, pledge, judgment lien, security interest, charging order, or other charge or encumbrance on property which is effective under applicable law as of the date of the commencement of the reorganization case.

**1.26 "Plan"**

This term shall refer to this Plan of Reorganization and every subsequent modification thereof, if any, filed by the debtor.

**1.27 "Priority Claim"**

This term shall refer to those allowed claims which are entitled to priority provided for under § 507(a) of the Bankruptcy Code.

**1.28 "Pro Rata Share"**

This term shall refer to the amount which is the result of multiplying the monies available for distribution to a named class of creditors by that fraction in which the numerator is the allowed amount of a particular claim in the named class and the denominator is the total amounts of all the claims in the named class.

**1.29 "Reorganized Debtor"**

This term shall refer to the Debtors after entry of the Order Confirming the Plan.

**1.30 "Secured Claim"**

This term shall refer to the claim of any creditor secured by liens on property, which liens are valid, perfected, and enforceable under applicable law, and are not subject to avoidance under the Bankruptcy Code or other applicable non-bankruptcy law, and are duly established in this case, to the extent of the value of the security, as determined in accordance with §506 of the Bankruptcy Code.

### 1.31 "Substantial Consummation"

_____This term shall refer to that which occurs upon the payment of the first Distribution under the Plan.

### 1.32 "Unsecured Claim"

_____This term shall refer to all business claimants or other claimants of every nature, holding claims for unsecured debts, liabilities, demands, or claims of every character whatsoever.

### 1.33 "Unsecured Creditor"

_____This term shall refer to the holder of an unsecured claim.


### General Terms and Conditions

_____This Plan is intended to deal with all claims against the Debtors of whatever character, whether or not contingent or liquidated, and whether or not allowed by the Court pursuant to §502(a) of the Bankruptcy Code. However, only those claims allowed pursuant to §502(a) of the Bankruptcy Code will receive treatment afforded by the Plan.


### ARTICLE II:SUMMARY

_____This Plan of Reorganization, (the **"Plan")** under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§101, *et. seq.* (the **"Bankruptcy Code")** proposes to pay creditors of James and Danielle Thomas, the above captioned debtors and debtors-in-possession, (the "**Debtors")** from the reorganization of their finances.

This Plan provides for 2 classes of secured claims and 1 class of unsecured claims. Unsecured creditors holding allowed claims will receive distributions, which the Debtors have valued at approximately twenty-two percent (22%) of each creditor's allowed claim. This Plan also provides for the payment of administrative and priority claims in full within 90 days of the effective date of this Plan, or as agreed by the holder of such administrative or priority claim.

_____All creditors should refer to Articles III through V of this Plan for information regarding precise treatment of their claims. A Disclosure Statement (the "**Disclosure Statement")** that

provides more detailed information regarding this Plan and the rights of creditors was circulated with this Plan.  Your rights may be affected.  You should read these papers carefully and discuss them with your attorney.  If you do not have an attorney, you may wish to consult with one.

## ARTICLE III. -CLASSIFICATION AND TREATMENT OF CLAIMS

The Plan of Reorganization constitutes the Chapter 11 plan of reorganization of the Debtors. All claims against the Debtors are placed in classes (each a **"Class" )** as designated by Classes 1 through 5.

### Unsecured Claims- General Information

The Debtors' Schedules contain a list of unsecured claims.  This list was compiled from the data from the Debtors' records and may not be entirely accurate. The total amount of unsecured claims listed in the Debtors' original schedules was $196,414.00.  It is estimated that the total of the unsecured  claims will be approximately $403,916.00.

The Debtors have reviewed both the schedules and the claims filed to determine the accuracy of both.  Some of these creditors filed their Proof of Claim as secured claims and some creditors filed a Proof of Claim containing amounts different from those scheduled by the Debtors.  Debtors will file an amended Schedule F to reflect these changes in claim status.

The Debtors reserve the right, in the event they are unable to make the full payment per month to any Class of Creditors, ("the affected Class"), in any given year, to pay the unpaid amount over the remaining three quarters of that year.  In the event the Debtors are unable to make a quarterly payment, the Debtors shall send notice of inability to make the payment to all of the Creditors in the affected Class.  The Creditors in the affected Class shall have the right, with reasonable notice, to audit the Debtor's books and records from the prior quarter to determine that the Debtors were in fact not able to make a payment during that quarter.  Such a delay in payment shall not constitute a default under the Plan of Reorganization. The Debtors shall be allowed only one missed payment per Class per 12 month period and shall bring the missed payment current during the following 11 months.

Unclassified Claims

Certain types of claims are automatically entitled to specific treatment under the Code.  They are not considered impaired, and holders of such claims do not vote on the Plan.  They may, however, object if, in their view, their treatment under the Plan does not comply with that required by the Code.  As such, Debtors did *not* place the following claims in any class:

ADMINISTRATIVE EXPENSES

Each holder of an Administrative Claim that becomes an Allowed Administrative Claim prior to the Effective Date shall be paid in cash and in full without interest on the Effective Date, the date on which such claim becomes an Allowed Claim or on such later date as the Debtors and the Holder of the Administrative Claim shall agree.  An Administrative Claim that becomes an Allowed Administrative Claim on or after the Effective Date shall receive without interest within fifteen (15) days of such Administrative Claim becoming an Allowed Administrative Claim the amount of such claim. Except as provided for herein, a claim for an Administrative Claim shall forever be barred and shall not be enforceable against the Debtors, the Plan Trust, the Reorganized Debtors, or their respective properties, agents, successors or assigns, unless a request for payment of Administrative Claim is filed with the Court and served upon the Reorganized Debtors, Debtors' counsel no later than thirty (30) days after the Confirmation Date.

Administrative claims are entitled to priority by §507(a)(1) of the Bankruptcy Code and will consist of fees for services rendered and expenses incurred by the Court appointed Counsel and other professional persons for the Debtors prior to the effective date of the Plan, as the same are finally approved and allowed by final order of the Court, and any other expenses incurred during the course of the Chapter 11 proceeding that have not yet been paid. The members of this class include Coleman Law Associates, APLC, Counsel for the Debtors.

All such claims shall be paid in cash and in full in such amounts as may be allowed and approved by the Court on the effective date or after such claims are finally allowed, whichever is later, by the Debtors to the extent of available funds, or such claims may be paid in accordance with any agreement or waiver.  The anticipated total fees to be paid in this class are in the range of $17,000.00 to $23,000.00, to the Debtors' attorneys, inclusive of this retainer.

Unclassified claims also include the post-confirmation claim of the office of the United States Trustee for its fees from the date of the confirmation until the Chapter 11 file is closed by the Bankruptcy Clerk.  These fees are based on the amount of disbursements made by the Debtors and are paid on a quarterly basis.  The Reorganized Debtors shall pay timely post-confirmation quarterly fees assessed pursuant to 11 U.S.C. §1930(a)(6) until such time as this Bankruptcy Court enters a final decree closing this Chapter 11 case, or enters an order either converting this case under Chapter 7 or dismissing this case.  After confirmation, the Reorganized Debtors shall file with this Bankruptcy Court and shall serve on the United States Trustee a financial report for each quarter, or portion thereof, that this Chapter 11 case remains open.  In the event that the Debtors owe pre-confirmation U.S. Trustee's fees on the date of confirmation, the Debtors shall pay all past-due fees to the U.S. Trustee on or before the effective date of the Plan.

PLAN DETAILS

The Debtors' Plan of Reorganization will provide for classification of creditors in accordance with the United States Bankruptcy Code.  This Plan proposes the usage of Debtors' income from employment with the net profits to be utilized to fund the Plan. Under the instant Plan, claims of Creditors and ownership interests are classified as follows:

PLAN CLASSIFICATION CHART:

| CLASS/ PROPERTY DESCRIPTION | IMPAIRMENT | TREATMENT |
|---|---|---|
| CLASS 1: Priority Claims: Taxes: IRS obligations | UNIMPAIRED | Debtors will arrange for monthly payment for a reasonable period not to exceed 60 months.  Total amount paid in will be $86,482.80. Debtors will propose a $1442.00 per month payment for 60 months. |
| CLASS 2:  Secured Tax Claim of the IRS: | UNIMPAIRED | Debtors will arrange for monthly payment in the amount of $13,537.59 at 4% interest over reasonable term not to exceed 60 months. Debtors will propose a $250.00 per month payment for 60 months. |
| CLASS 3: America's Servicing Company: Falling Star- primary residence | UNIMPAIRED | Creditor in this class will receive the full amount of their claims, with arrears being paid over the course of 60 months. Debtors will pay this mortgage going forward and will pay any remaining prepetition and postpetition arrears over the life of the 60 month plan. |
| CLASS 4: SECURED CLAIMS SUBJECT TO PAYMENT ACCORDING TO AGREED STIPULATION WITH CREDITOR | IMPAIRED | Payments will be made according to the terms of an agreed upon stipulation. Any unsecured amounts will fall to Class 5. |

| | | |
|---|---|---|
| **CLASS 4A: Wachovia: 2006 Hummer H3** | **IMPAIRED** | Debtors will retain automobile and pay per the stipulation agreed to with creditor: stipulation brings payment current and Debtors will pay $336.39 per month for next 60 months. Any unsecured amount will fall to Class 5. |
| **CLASS 4B: Wachovia: 2004 Toyota Tacoma** | **IMPAIRED** | Debtors will retain automobile and pay per the stipulation agreed to with creditor: stipulation brings payment current. The Confirmation of the Debtors' Plan will serve to approve the stipulation that was entered by this Court on 2/22/10. Debtors will pay fair market value of $6076.17 at 6% interest, which will result in payments of $117.47 per month for 60 months, beginning 2/20/2010. Any unsecured amount will fall to Class 5. |
| **CLASS 5: General unsecured creditors** | **IMPAIRED** | 22% over 60 months, or $90,000 on unsecured debt, whichever is lesser. Includes unsecured claims of second mortgage that has been modified pursuant to 11 U.S.C. §§ 506(a) and 1123 (namely, second deed of trust on primary residence held by Specialized Loan Servicing), as well as the claim held by Evelyn Brandin. Debtors acknowledge that this debt is nondischargeable and amounts unpaid will not be discharged through the bankruptcy. |

### Class 1: PRIORITY CLAIMS: TAXES

Class 1 represents the debt owed to the Internal Revenue Service. Debtors owe $86,482.30 in priority unsecured claims.   Debtors will pay on this debt over a reasonable amount of time, not to exceed a period of 60 months. Class 1 claims are unimpaired and shall be paid in full. Debtors will pay this claim at the rate of $1442.00 per month for 60 months.  The holders of Class 1 claims are not entitled to vote to accept or reject the Plan.

### Class 2: SECURED CLAIMS: TAXES

Class 2 represents the secured debt owed to the Internal Revenue Service. Debtors owe $13,537.59 as a secured claim, to be paid at 4% interest.  Debtors will pay on this debt over a reasonable amount of time, not to exceed a period of 60 months.  With interest, Debtors will pay this claim at the rate of $250.00 per month for 60 months. Class 2 claims are unimpaired and shall be paid in full.  The holders of Class 2 claims are not entitled to vote to accept or reject the Plan.

### Class 3: UNIMPAIRED SECURED CLAIMS

Class 3 is unimpaired; creditors will receive the full amount of their claim. The holders of Class 3 claims are not entitled to vote to accept or reject the Plan.

### Class 3(a):Secured Claim of America's Servicing Company Home Loans:

This claim represents the claim held by the first lien holder on Debtors' primary residence located at Falling Star Avenue.  The Debtors will pay this debt current and will also come to an arrangement with the lender regarding both post-petition arrears. In regards to pre-petition arrears, Debtors will pay the total amount of $42,338.48 in pre-petition arrears over the term of their 60 month repayment plan.

### CLASS 4: SECURED CLAIMS SUBJECT TO REVISED TERMS DUE TO AGREED UPON STIPULATION

### Class 4(a): Secured Claim of Wachovia for 2006 Hummer H3:

This claim represents the claim held by Wachovia for the Debtors' 2006 Hummer H3. The Debtors have signed a stipulation regarding payment on this vehicle. Any unsecured amounts will be entitled to vote as part of Class 5.

**Class 4(b) : Secured Claim of Wachovia for 2004 Toyota Tacoma:**

This claim represents the claim held by Wachovia for the Debtors' 2004 Toyota Tacoma. Any unsecured amounts will be entitled to vote as part of Class 5. Confirmation of Debtors' Chapter 11 Plan will serve to approve the stipulation and order which was entered on February 22, 2010. Terms of this stipulation provide that the Debtors will pay the fair market value on this vehicle of $6076.17 at 6% interest, which will result in payments of $117.47 per month for 60 months, beginning on 2/20/2010.

**CLASS 5: UNSECURED CLAIMS**

Class 5 is impaired and consists of all allowed unsecured claims. The members of this class shall receive approximately 22% of their claims. All Class 5 creditors shall be paid their Pro Rata share of the funds in the Unsecured Creditors' Fund quarterly over a period of years beginning the first year after the Effective Date of the Plan and continuing for 60 months within the plan period. The Unsecured Creditors' fund shall be funded by a payment of 22% of all allowed unsecured claims, but total distribution is capped at $90,000.00.

**ARTICLE IV:Transfer of Claims**

In the event that any creditor shall transfer its claim, it shall do so only in compliance with the Bankruptcy Rule 3001, and it shall promptly notify the Debtors in writing of such transfer. The Debtors shall be entitled to assume that no such transfer of any claim has been made by any creditor until after the compliance and receipt of such notice. Each transferee of any claim shall take the claim subject to the provisions of the Plan and any request made, waiver or consent given, or other action taken under the Plan, and except as expressly otherwise provided in the notice. The Debtors shall be entitled to assume conclusively that the transferee named in the notice shall thereafter be vested with all the rights and powers under the Plan of the transferor with respect thereto.

## ARTICLE V: Means for execution of the Plan

### Plan Distributions:

Debtors will dedicate their net employment income to the payments in the plan.  The total amount paid to unsecured creditors through the Plan shall be approximately 22% of all allowed claims, and is to be capped at $90,000.00.

Debtors will dedicate disposable income from their employment over a period of 5 years towards repaying their unsecured creditors, which is expected to be roughly $1500.00 per month, to be paid in 20 quarterly installments of $4500.00 per quarter.  ***The total funding for the Chapter 11 Plan to Unsecured Creditors is thus estimated to be at $90,000.00.***

No distribution shall be made from the Plan to creditors the claims of which are secured by Debtor's personal residence except the arrears on Debtors first mortgage, as these claims are being paid in the ordinary course by Debtors in accordance with the contracts with the respective creditors.

Other than as stated in the immediately preceding paragraph, distribution of the $90,000.00 will begin in accordance with the priority set forth in the United States Bankruptcy Code, to allowed unsecured creditors, to the extent funds are available, on the effective date of the Plan.

## ARTICLE VI: Modification of the Plan

Debtors retain the absolute right to modify this Plan in accordance with the provisions of the Bankruptcy Code.  In this regard:

a. modifications may be proposed in writing by Debtors at any time prior to confirmation provided that the Plan, as modified, meets the requirements of the Bankruptcy Code.

b.  The Plan may also be modified by Debtors at any time after the confirmation, and before its substantial consummation providing that the Plan, as modified, meets the requirements of the Bankruptcy Code and the circumstances justify the modification.

c.  Any holder of an Allowed Claim that has accepted or rejected the Plan will be deemed to have accepted or rejected, as the case may be, the modified Plan unless, within the time fixed by the Court, such claim holder changes its previous acceptance or rejection.

d. Every modification of the Plan will supercede the previous version of the Plan. As superceded, the previous version of the Plan will be in the nature of a withdrawn or rejected

settlement proposal and will be null, void, and unusable by the Debtors or any other party for any purpose whatsoever with respect to the contents of the modified version of the Plan.

The Chapter 11 discharge extends to all parties who have claims and who have been given notice of the filing of the bankruptcy or have constructive knowledge of the bankruptcy case in time to allow a timely filing of a Proof of Claim.

Confirmation of the Plan and completion of the Chapter 11 repayment Plan shall result in a discharge and release Debtors, as individuals, from any and all debts dischargeable under the Bankruptcy Code.  In addition, without limiting the generality of the foregoing, the rights and payments provided in the Plan shall be in exchange for and in complete satisfaction, discharge and release of all claims of any nature whatsoever including interest accrued thereon, from and after the applicable petition date against Debtors, or any of their exempt assets.

All claims against Debtors shall be satisfied through the execution of the Plan or discharged and released in full and all creditors and holders of claims shall be precluded from asserting against Debtors, or their assets or property claims based upon an act, omission, transaction, or any other activity of any kind that occurred prior to the confirmation date of the Plan.

Debtors retain the right to obtain any discharge available under U.S.C. §1141 under any theory.  If the assets of Debtors are liquidated, the proceeds therefrom shall be distributed in accordance with the provisions of the Bankruptcy Code and the confirmed Plan.  If the Debtors are entitled in any respect to a discharge of some or all of their obligations, they retain the right to seek the same.

## ARTICLE VII: Retention of Jurisdiction

Notwithstanding confirmation of this Plan, the Court shall retain jurisdiction until this Plan has been fully consummated, for the following purposes:

a. to determine whether any claim is allowable or payable, or any objection thereto (or the appropriate proceeding) by the Debtors or by any other party in interest entitled to proceed in that manner.  As part of such retained jurisdiction the Court will continue to determine the allowability of administrative claims and any requests for payment thereof, including professional fees and costs which are administrative claims classified as Class 1 claims.

b. to determine any dispute which may arise regarding the interpretation of any provision of this Plan.  The Court shall also retain jurisdiction to correct any defect, the curing of any omission of the reconciliation and inconsistency in this Plan or in the Order of Confirmation as may be

reasonably necessary to carry out the purposes and intention of this Plan. In addition, the Court will retain jurisdiction for the enforcement and interpretation of the terms and conditions of the Plan and the Order of Confirmation issued with regard thereof.

c. to facilitate the consummation of this Plan by entering, consistent with the provisions of this Plan, any further necessary or appropriate Order(s) regarding the enforcement of this Plan and any provisions thereof. This shall include the entry of any Order including injunctions necessary to enforce the title, rights and powers of Debtors' Plan and the imposition of such limitations, restrictions, terms and conditions of such title, rights and powers as the Court may deem necessary, just and proper.

d. to determine all questions and disputes regarding title to the assets fo the estate and determination of all causes of action, controversies, disputes, conflicts, whether subject to an action pending as of the date of confirmation between Debtors and any other party.  The Court shall retain jurisdiction to adjudicate any claim including, but not limited to the adjudication of any and all "core proceeding" under 28 U.S.C. §157(b) which may deem appropriate to initiate and prosecute.

e. to adjudicate the classification of claims of any creditor and the re-examination of a claim which may have been allowed for the purpose of voting, and the determination of such objections as may be filed to the creditors' claims. The failure by the Debtors to object or examine such claim for the purpose of voting shall not be deemed as a waiver of the Debtors' right to object or re-examine the claim in whole or in part as provided herein.

 f. to consider any modification of this Plan of Reorganization proposed prior to, or after, the confirmation of and the entry of Order of Confirmation pursuant to §1127 of the Bankruptcy Code.

g. for the purposes of entry of a final decree concluding and terminating the reorganization case.

## ARTICLE VIII: Miscellaneous Provisions

**Disbursement:**

The disbursing agent for all payments made under the Plan shall be JAMES and DANIELLE THOMAS, Debtors or a professional to whom they may delegate this duty.

All property of the estate shall become the property of the Debtors once the plan is fully consummated and shall be deemed vested in the Debtors.

The entry of an Order confirming the Plan shall serve to release the Debtors from liability for any claim dealt with in the Plan to any extent other than that provided for in the Plan.

**Nondischargeable Claims:**

The judgment held by Evelyn Brandin against Debtors shall be included in Class 5. Amounts unpaid through the bankruptcy will survive discharge under 11 U.S.C. 523(a)(19).

## ARTICLE IX: Allowance of Administrative Claims

Each administrative claimant shall be required to seek court determination of status as an administrative creditor, and as to the reasonableness of the claim. Debtors, as well as any other affected party, retain the rights to object to the allowance of any such administrative claims. With the exception of counsel for Debtors, any claimant, having an otherwise allowed or allowable claim, who does not bring a motion to determine administrative status within ninety (90) days following the confirmation of the Plan, shall be deemed to hold an unsecured claim without priority, and shall receive the treatment of that class.

## ARTICLE X:Rights of Priority Claimants

All claimants having a claim of the kind specified described in 11 U.S.C. §507(a)(7) will receive on account of such claim deferred payments, over a period not exceeding five years after the date of assessment of such claim, of a value, as of the effective date of the Plan, to the allowed amount of such claim.

Except as otherwise might be agreed, the Internal Revenue Service shall receive on account of its priority claims deferred cash payments commencing on the effective date of the Plan and continuing monthly thereafter.

## ARTICLE XI: Rights of Secured Claimants

Notwithstanding any other provision in the Plan, no secured claimant shall be required to accept less than the present value of the amount which would be received if the Debtor's property were liquidated under Chapter 7 of the Bankruptcy Code, unless such secured creditor agrees to the contrary. Additionally, notwithstanding any other provision in the Plan to the contrary, in any sale or auction of the assets of the Debtors pursuant to the Plan, secured creditors may avail themselves of any right conferred upon them by the Bankruptcy Code or obtain by them from the Bankruptcy Court.

The holders of secured claims, if any, shall retain the liens securing its claims, wether the property subject to such liens is retained by the Debtors or transmitted to proceeds, to the allowed amount of such claims.  Each holder of a secured claim shall receive on account of such claim deferred cash payments totaling at least the allowed amount of such claim, of a value, as of the effective date of the Plan, of at least the value of such secured holder's interest in the estate's interest in such property.  In any sale of any property that is subject to the liens securing such claims, free and clear of such liens, such liens will attach to the proceeds of such sale, and the treatment of such liens on proceeds shall be the same as that of the liens upon the property itself, or such secured claimants may receive the indubitable equivalent of their claims as provided in Section 1129 (b)(2) of the Bankruptcy Code.

### ARTICLE XII: Rights of Unsecured Claimants

Notwithstanding any other provision in the Plan, no claimant holding an unsecured claim without priority shall be required to accept less than the present value of the amount which would be received by such claimant if the Debtor's property were liquidated under Chapter 7 of the Bankruptcy Code, unless such creditor holding an unsecured claim without priority agrees to the contrary.

### ARTICLE XIII: Executory Contracts

Debtors are not aware of any executory contracts to which they are a party.

### ARTICLE XIV: Miscellaneous Provisions

_____ The disbursing agent for all payments made under the Plan shall be JAMES and DANIELLE THOMAS, Debtors or a professional to whom they may delegate this duty.  All properties of the estate shall become the property of the Debtors once the Plan is fully consummated and shall be deemed vested in Debtors.  The entry of an Order confirming the Plan shall serve to release the Debtors from liability for any claim dealt with in the Plan to any extent other than provided for in the Plan.

### ARTICLE XV: Cram-Down(11 U.S.C. 1129(b)

_____ If all of the applicable requirements for confirmation of a plan are met, other than the requirement set forth in 1129(a)(8), to wit: that each impaired class accept the Plan, Debtors

request that the Plan be confirmed notwithstanding such requirement if the Plan does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interests that is impaired under, and has not accepted, the Plan.

## ARTICLE XVI: Payment of Section 1930 Fees

All fees required by Section 1930 have been paid, or if not paid, will be paid on the effective date of the Plan.

## ARTICLE XVII: Revocation of Plan

The Debtors reserve the right to revoke or withdraw the Plan prior to the confirmation hearing and to file subsequent Chapter 11 plans.  If the Debtors revoke or withdraw a Plan, or if confirmation does not occur, then: (1) the Plan shall be null and void in all respects; (2) any settlement or compromise embodied in the Plan, assumption or rejection of Executory Contracts or Unexpired Leases effected by the Plan and any document or agreement executed pursuant hereto shall be deemed null and void except as may be set forth in a separate order entered by the Court; and (3) nothing contained in this Plan shall (a) constitute a waiver or release of any Claims by or against the Debtors or any other entity; (b) prejudice in any manner the rights of the Debtors or any other entity; or (c)constitute an admission, acknowledgment, offer or undertaking of any sort by the Debtors or any other entity.

## ARTICLE XVIII: Discharge

The Chapter 11 discharge will not be granted until completion of the payment plan. This discharge extends to all parties who have claims and who have been given notice of the filing of the bankruptcy or have constructive knowledge of the bankruptcy case in time to allow a timely filing of a Proof of Claim.

Confirmation of this Plan does not discharge any debt provided for in this Plan until the Court grants a discharge on completion of all payments under this Plan, or as otherwise provided for in §1141(d)(5) of the Code.  The Debtors will not be discharged from any debt excepted from discharge under § 523 of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

All claims against Debtors shall be satisfied through execution of the Plan or discharged

and released in full and all creditors and holders of claims shall be precluded from asserting against Debtors, or their assets or property claims based upon an act, omission, transaction, or any other activity of any kind that occurred prior to the confirmation date of the Plan.

Debtors retain the right to obtain any discharge available under 11 U.S.C. 1141 under any theory.  If the assets of Debtors are liquidated, the proceeds therefrom shall be distributed in accordance with the provisions of the Bankruptcy Code and the confirmed Plan.  If the Debtors are entitled in any respect to a discharge of some or all of their obligations, they retain the right to seek same.

### ARTICLE XIX: Incorporation of Disclosure Statement

The Court-approved Disclosure Statement, as it may be amended in the Order of the Court approving same, and to the extent that it is not in conflict with the Plan of Reorganization is incorporated herein by reference as though set forth at length, since it may disclose information helpful in the confirmation of the Plan.

Dated this 14th day of June, 2010

/s/Edward S. Coleman, Esq.
Edward S. Coleman, Esq.
Nevada Bar No. 000601
6615 South Eastern Avenue. Ste. 108
Las Vegas, NV 89119
Attorney for Debtors in Possession

———